IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODERICK WASHINGTON,

    Plaintiff,       CV F 07 1477 OWW WMW   PC

vs.       FINDINGS AND RECOMMENDATION

GOV. SCHWARZENEGGER, et al.,

    Defendant.

    Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the conditions of his confinement.

    Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against the Governor of the State of California, as well as numerous correctional officials.

    The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

1    This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of
2 his confinement.  All three action were dismissed as frivolous, or for failure to state a claim upon
3 which relief can be granted.  Washintgon v. Gomez, 1998 WL 296370 (N.D. Cal.); Washington
4 v. Gomez, 1996 WL 7248895 (N.D. Cal.);Washington  v. Gomez, 1996 WL 682026 (N.D. Cal.);
5 Washington v. Gomez, 1996 WL 557609 (N.D. Cal.); Washington v. Cambra, 1996 WL 479069
6 (N.D. Cal.); Washington v. Cambra, 1996 WL 478965 (N.D. Cal.).  Plaintiff is therefore not
7 entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent
8 danger of serious physical injury.
9    Plaintiff's complaint sets forth two instances of excessive force in April and May of
10 2006.  The balance of the complaint consists of numerous and rambling allegations regarding the
11 conditions of Plaintiff's confinement.   Plaintiff  fails to allege facts indicating that he is in
12 imminent danger in serious injury.
13    Accordingly, on March 21, 2008, an order to show cause was entered, directing Plaintiff
14 to show cause why he should not be denied leave to proceed in forma pauperis.  On March 28,
15 2008, Plaintiff failed a response to the order to show cause.  In the response, Plaintiff disagrees
16 with the finding that he has three strike, and that he has failed to allege facts indicating imminent
17 danger of serious physical injury.  Plaintiff offers no facts to support his conclusory presumption
18 that he is entitled to proceed in forma pauperis.  Plaintiff also contends that the Prison Litigation
19 Reform Act does not apply to this case.
20    Accordingly, IT IS HEREBY RECOMMENDED that:
21    1. Plaintiff's  application to proceed in forma pauperis be denied pursuant to 28 U.S.C. §
22 1915(g).
23    2. Plaintiff be directed to submit, within thirty days of the date of service of this order,
24 the $350 filing fee in full.  Plaintiff's failure to do so will result in dismissal of this action
25 pursuant to Local Rule 11-110 for failure to obey a court order.
26

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 10, 2008**                /s/  **William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE