IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODERICK WASHINGTON,

    Plaintiff,

vs.

GOV. SCHWARZENEGGER, et al.,

    Defendants.

CV F 07 1477 OWW WMW PC

ORDER RE FINDINGS AND
RECOMMENDATIONS (#9)

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Plaintiff, an inmate in the custody of the California Department of Corrections at High Desert State Prison, brings this civil rights action against the Governor of the State of California, as well as numerous correctional officials.

1

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement. All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted. Washintgon v. Gomez, 1998 WL 296370 (N.D. Cal.); Washington v. Gomez, 1996 WL 7248895 (N.D. Cal.); Washington  v. Gomez, 1996 WL 682026 (N.D. Cal.); Washington v. Gomez, 1996 WL 557609 (N.D. Cal.); Washington v. Cambra, 1996 WL 479069 (N.D. Cal.); Washington v. Cambra, 1996 WL 478965 (N.D. Cal.). Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury.

Plaintiff's complaint sets forth two instances of excessive force in April and May of 2006. The balance of the complaint consists of numerous and rambling allegations regarding the conditions of Plaintiff's confinement. Plaintiff fails to allege facts indicating that he is in imminent danger in serious injury.

Accordingly, on March 21, 2008, an order to show cause was entered, directing Plaintiff to show cause why he should not be denied leave to proceed in forma pauperis. On March 28, 2008, Plaintiff filed a response to the order to show cause. In the response, Plaintiff disagreed with the finding that he has three strikes, and that he has failed to allege facts indicating imminent danger of serious physical injury. Plaintiff also argued that the Prison Litigation Reform Act does not apply to this case.

On April 10, 2008, findings and recommendations were entered,  recommending that

1  Plaintiff be denied leave to proceed in forma pauperis.  Plaintiff was provided an opportunity to
2  file objections within thirty days.  On April 17, 2008, Plaintiff filed objections to the findings
3  and recommendations.
4        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73-
5  305, this court has conducted a de novo review of this case.  Having carefully reviewed the entire
6  file, the court finds the findings and recommendations to be supported by the record and proper
7  analysis.
8        Accordingly, THE COURT HEREBY ORDERS that:
9        1. The Findings and Recommendations issued by the Magistrate Judge on April
10 10, 2008,  are adopted in full; and
11       2. Plaintiff's application to proceed in forma pauperis is denied pursuant to 28
12 U.S.C. § 1915(g).
13       3. Plaintiff is directed to submit, within thirty days of the date of service of this
14 order, the $350 filing fee for this action in full.  Plaintiff's failure to do so will result in dismissal
15 of this action pursuant to Local Rule 11-110 for failure to obey a court order.
16
17 IT IS SO ORDERED.
18 **Dated:   April 25, 2008**          /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE